**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WESLEY FERNANDO SILVA DOS PASSOS,
*on behalf of himself,*

                Plaintiff,

    v.

TORISHIKI USA CORP.
    d/b/a TORIEN, and
JULIAN HAKIM,

                Defendants.

Case No.:

**COMPLAINT**

Jury Trial Demanded

---

Plaintiff WESLEY FERNANDO SILVA DOS PASSOS ("Plaintiff PASSOS," or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Complaint against Defendants, TORISHIKI USA CORP. d/b/a TORIEN ("Corporate Defendant"), and JULIAN HAKIM ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

**<u>INTRODUCTION</u>**

1. Plaintiff alleges that, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

1

2. Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) statutory penalties; (3) liquidated damages; and (4) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL"), Plaintiff is entitled to recover from Defendants for hostile work environment created by nationality and sexual orientation discrimination: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiff is entitled to recover from Defendants for hostile work environment created by nationality and sexual orientation discrimination: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7. Plaintiff WESLEY FERNANDO SILVA DOS PASSOS is a resident of Essex County, New Jersey.

8. Defendants own and operate a Restaurant (the "Restaurant") located at 292 Elizabeth Street, New York, NY 10012.

9. Corporate Defendant TORISHIKI USA CORP. d/b/a TORIEN is a domestic business corporation with an address for service of process located at Eresidentagent, Inc., 99 Washington Avenue, Suite 805A, Albany, NY 12210, and a principal place of business located at 292 Elizabeth Street, New York, NY 10012.

10. Individual Defendant JULIAN HAKIM is the Chief Executive Officer of Corporate Defendant TORISHIKI USA CORP. d/b/a TORIEN. Defendant JULIAN HAKIM exercises operational control as it relates to all employees, including Plaintiff. Defendant JULIAN HAKIM frequently visits TORIEN. Defendant JULIAN HAKIM exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff. At all relevant times, employees of the TORIEN could complain to Defendant JULIAN HAKIM directly regarding any of the terms of their employment, and Defendant JULIAN HAKIM would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedules, compensation, terminating or hiring such employees, or designate others to effect any changes. Defendant JULIAN HAKIM exercised functional control over the business and financial operations of Corporate Defendant. JULIAN HAKIM had the power and authority to supervise and control supervisors of Plaintiff.

11. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

12. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by Defendants.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

*Wage and Hour Claims*

14.     In or around August 1, 20022, Plaintiff PASSOS was hired by Defendants to work as a dishwasher for Defendants' Restaurant Torien. Plaintiff's employment ended in or around August 13, 2022.

15.     Throughout his employment, Plaintiff PASSOS was scheduled to work from 4:00 p.m. to 12:00 a.m., eight hours a day for five days a week, for a total of forty hours per week.

16.     Throughout his employment, Plaintiff PASSOS was compensated at an hourly rate of seventeen dollars per hour. Plaintiff was paid weekly by check.

17.     Throughout his employment with Defendants, Plaintiff PASSOS was not always paid the overtime premium of one-and-one-half times their regular rate of pay for their hours worked in excess of forty per week due to time shaving, as required under the FLSA and NYLL.

18.     Plaintiff PASSOS was scheduled to finish work at 12:00 a.m. Defendants time shaved Plaintiff because they required Plaintiff to stay fifteen minutes after his shift. Every time Defendants asked Plaintiff to stay past his scheduled shift, Defendants made Plaintiff clock-out and work off-the-clock. As a result, Plaintiff was not paid his corresponding overtime compensation for such time. Plaintiff was time shaved a total of 1.25 hours per week during this time.

19.     Throughout his employment with Defendants, Defendants further time shaved against Plaintiff because they deducted for meal breaks Plaintiff did not take. Defendants deducted thirty minutes for meal breaks. Plaintiff could not take these breaks because he was required to

4

work through these breaks because the Restaurant to was too busy. Plaintiff was time shaved an additional 2.5 hours per week.

20. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interests in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

21. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff.

22. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty per workweek due to time shaving, in violation of the FLSA and NYLL.

23. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notice to Plaintiff as required under the NYLL.

24. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by Plaintiff.

*Discrimination and Hostile Work Environment Claims*

25. Throughout his employment, Plaintiff PASSOS suffered from Defendants permitting managers to discriminate against Plaintiff, and co-worker Daniel [LNU], to constantly abuse and harass Plaintiff and foster a hostile work environment based on Plaintiff's nationality and sexual orientation. Plaintiff is Brazilian, and also gay.

26. Throughout his employment, Plaintiff's managers, including Chef Rodrigo [LNU], would call me "Pato," which means gay in Spanish. They would call me also call me pussy in Spanish. They also said, "all Brazilians are homos and faggots."

27. Managers allowed co-worker Daniel [LNU] to discriminate and sexually harass Plaintiff. For example, on the second day of work, co-worker Daniel [LNU] came to the kitchen where Plaintiff was working and rubbed both hands on Plaintiff's buttocks and said, "I really like Brazilians." This sort of activity by Daniel [LNU] persisted during Plaintiff's employment. In the following days, Daniel [LNU] would continue to sexually harass Plaintiff by putting his penis on Plaintiff's buttocks and saying sexual things.

28. Managers and other employees were present when Daniel [LNU] harassed Plaintiff. However, they did nothing and condoned such behavior.

29. As a result of the discrimination and hostile environment, Plaintiff was uncomfortable at work and had to quit his job a couple of weeks into the job.

30. Defendants knowingly and willfully violated NYSHRL, and NYCHRL on the basis of Plaintiff PASSOS' nationality and sexual orientation.

31. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as fully set forth herein.

33. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendants employed Plaintiff within the meaning of FLSA.

35. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

36. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff at the proper overtime rate to for his hours worked over forty hours a week due to time shaving.

37. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff his proper wages, including for overtime, when Defendants knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff of his rights under FLSA.

40. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff is entitled to liquidated (i.e., double) damages pursuant to FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving; plus an equal amount as liquidated damages.

## COUNT II

### VIOLATION OF NEW YORK LABOR LAW

42. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as fully set forth herein.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL, §§ 2 and 651.

44. Defendants violated Plaintiff's rights by failing to pay overtime wages for hours worked in excess of forty per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay due to time shaving, in violation of the NYLL.

45. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff with wage notice, at date of hiring and annually thereafter, as required under the NYLL.

46. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff with proper wage statements as required under the NYLL. Defendants provided

fraudulent wage statements that failed to accurately reflect the number of hours worked and the proper compensation for Plaintiff.

47. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid wages, including overtime, due to time shaving; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

### DISCRIMINATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

**(New York State Executive Law § 296 *et seq*.)**

48. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as fully set forth herein.

49. New York State Human Rights Law ("NYSHRL") provides: "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." New York State Executive Law § 296(1)(a).

50. Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employees under the NYSHRL. Plaintiff is Brazilian and gay.

51. Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to

address the constant harassment and abuse made against Plaintiff on the basis of his nationality and sexual orientation by co-worker Daniel [LNU].

52. Plaintiff was forced to quit because of the discrimination and hostile work environment.

53. As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury including economic damages, and past and further physical and emotional distress.

54. Due to Defendants' violations under the NYSHRL, Plaintiff is entitled to recover from Defendants: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and cost.

## COUNT IV

### DISCRIMINATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

55. Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as fully set forth herein.

56. New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment on the basis of sex, providing that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

The New York City Administrative Code § 8-107(1).

57. At all relevant times, Defendants had at least four persons in their employ. Plaintiff BOUZEKRI was an employee and qualified person within the meaning of NYCHRL and Defendants are covered employers under NYCHRL.

10

58. Under NYCHRL, an employer is liable for the discriminatory conduct by an employee, agent or independent contractor. NYCHRL provides in relevant part:

> (a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> (b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
> (1) the employee or agent exercised managerial or supervisory responsibility; or
> (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
> (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

Administrative Code § 8-107(13)

59. Here, Defendants operated a business that discriminated against Plaintiff by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made against Plaintiff on the basis of his nationality sexual orientation by his managers and co-worker Daniel [LNU].

60. Defendants' conduct was willful or undertaken with reckless disregard of Plaintiff PASSOS' protected rights under NYCHRL.

61. As a direct and proximate result of Defendants' unlawful acts in violation of NYCHRL, Plaintiff BOUZEKRI has suffered economic harm as well as severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and relief, including punitive damages and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA, NYLL, NYSHRL, and NYCHRL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to Defendants time shaving policy due under the FLSA and NYLL;

d. An award of unpaid wages, including overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty per workweek, due under the FLSA and NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty per workweek, pursuant to the FLSA;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty per workweek, pursuant to the NYLL;

h.  An award of compensatory damages for Plaintiff PASSOS' emotional suffering as a result of Defendants' unlawful discriminatory practices, pursuant to NYSHRL and NYCHRL;

i.  An award of punitive damages for Defendants' unlawful discriminatory practices, pursuant NYSHRL, and NYCHRL;

j.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 27, 2023

Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By:  /s/ C.K. Lee
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff*